UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ELIZABETH A. MEDBERRY and ESTATE OF GEORGE MEDBERRY, Jr.[1]    Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | C.A. No. 26-208-JJM-AEM |
| CARRIINGTON MORTGAGE SERVICES, LLC, KORDE & ASSOCIATES, P.C.; and AMY VAZQUEZ,    Defendants. | ) ) ) ) ) ) ) | |

## ORDER

Before the Court is Elizabeth Medberry's Motion to Remand, ECF No. 7.  For the reasons stated below, the Court denies Ms. Medberry's Motion for Remand.[2]

## I.   BACKGROUND

This dispute arises from Defendants' Carrington Mortgage Services, LLC, Korde & Associates, P.C., and Amy Vazques attempt to foreclose Ms. Medberry's home.  *Id.* at 5-7.  After Ms. Medberry brought this action in the Rhode Island Superior Court, Defendants removed it here and asserted that this Court possesses

---

[1] Ms. Medberry brought this action as a self-represented litigant.  ECF No. 1-1 at 1.  She also purported to bring this action on behalf of co-borrower George Medberry Jr.'s estate.  *See* ECF No. 7 at 27.  While Ms. Medberry undoubtedly possesses the ability to represent herself, she lacks the ability to do so on another individual's behalf.  *See* DRI LR Gen. 205(a)(2).

[2] Alternatively, Ms. Medberry seeks this Court's permission to file an amended complaint.  ECF No. 7 at 1.

subject matter jurisdiction based on the parties' diversity of citizenship and the existence of federal questions arising out of Ms. Medberry's Complaint.  ECF No. 1 at 1-5.  In response, Ms. Medberry has moved to remand this case back to state court.  ECF No. 7.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 1441, litigants may properly remove a civil case from a state court to a federal court so long as the relevant federal court possesses original jurisdiction over the dispute.  *Ten Taxpayer Citizens Grp. V. Cape Wind Assocs.*, 373 F.3d 183, 190-91 (1st Cir. 2004).  In this context, a federal court has original jurisdiction when the plaintiff *could* have filed their action in federal court in the first instance.  *See id.*  Typically, parties seeking a federal court's assistance must demonstrate that they either have: (1) federal-question jurisdiction (i.e., the case "arises under" federal law) or; (2) that diversity jurisdiction exists (i.e., complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000).  *See* 28 U.S.C. §§ 1331, 1332.  In the removal context, the party seeking to establish diversity jurisdiction bears the burden of persuasion.  *See Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40-41 (1st Cir. 2016).  Specifically, the removing party must support their jurisdictional allegations with "competent proof," and they must also demonstrate that diversity of citizenship existed at the time of removal.  *Id.*

Here, Ms. Medberry contends that remand is proper because this Court ostensibly lacks both diversity jurisdiction and federal question jurisdiction.  ECF No.

7 at 12-19.  While Ms. Medberry readily concedes that her Complaint contains several causes of action arising out of federal law, she nevertheless requests permission to file an amended complaint, which would exclude her federal claims and therefore divest this Court of federal question jurisdiction.  *Id.* at 8.   In support of this course of action, Ms. Medberry directs this Court to the Supreme Court's endorsement of this practice in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).[3]  *Id.* at 8.  Be that as it may — and offering no view on the advisability of Ms. Medberry's purported course of action — her attempt to excise all federal claims from her Complaint will not alter this Court's ability to hear this case based on its proper exercise of *diversity* jurisdiction.  Specifically, the Court's review of the relevant filings reveals that complete diversity exists between these litigants and that the amount in controversy exceeds $75,000.

With respect to the citizenship status of the plaintiffs, both Ms. Medberry and the Estate of George Medberry, Jr., reside in Rhode Island.  ECF No. 1-1 at 8.  On the other hand, none of the Defendants reside in Rhode Island.  Specifically, Defendant Carrington Mortgage Services LLC — a limited liability company that defines its residency status through that of its members[4] — is a citizen of Delaware, Tennessee,

---

[3] In *Royal Canin*, the Supreme Court held that litigants may permissibly dismiss all federal causes of action from their complaints — leaving only state law claims — to divest a federal court of federal question jurisdiction and obtain a valid basis for remand back to state court.  *See Royal Canin*, 604 U.S. 22, 32-34 (2025).

[4] In the context of diversity jurisdiction, a limited liability company resides in every state where any of its members also reside.  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011).

and Wyoming.[5]  ECF No. 9 at 3-4.  Similarly, Defendant Korde & Associates, P.C. and Ms. Amy Vasquez are citizens of Massachusetts and New Hampshire, respectively. *Id.*  Having found complete diversity here, the Court also determines that this case exceeds the $75,000 threshold required to satisfy the amount in controversy requirement.  *See* ECF No. 1-1 at 84 (listing the property's estimated value at $360,837 and Ms. Medberry's outstanding balance as $261,399).  Therefore, notwithstanding Ms. Medberry's request to eradicate all federal causes of action from her Complaint, the Court concludes that it properly possesses jurisdiction over this dispute because this case satisfies the requirements set forth in 28 U.S.C. § 1332.  As a result, the Court denies Ms. Medberry's Motion to Remand.[6]

## III.   CONCLUSION

Based on the existence of diversity jurisdiction, Defendants have successfully demonstrated that Ms. Medberry lacks a valid basis to seek remand.  As a result, the Court DENIES Ms. Medberry's Motion for Remand, ECF No. 7.

---

[5] In Ms. Medberry's attempt to address this barrier to remand, she contends that Carrington Mortgage Services, LLC must file a "sworn jurisdictional disclosure" setting forth the identity of its members.  ECF No. 7 at 18.  Eager to oblige, Carrington Mortgage Company, LLC provided this Court with a corporate disclosure statement setting forth its residency status and has also provided additional citizenship details in its Opposition.  *See* ECF No. 9 at 3-4.

[6] If Ms. Medberry still seeks to eliminate all federal claims from her Complaint, the Court grants her request for leave to file an amended complaint if she choses to do so.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

May 27, 2026